## Staunton.

BASORE AND ALS v. HENKEL AND ALS.

OCTOBER 7th, 1886.

1. LANDS—*Adversary possession—Forcible entry—Waste—Injunction— Case at bar.*—In 1844, mountain land was patented to H., who held actual, exclusive possession thereof by open, notorious and habitual acts of ownership, paying the taxes, &c.—the county record show- no other claim to it—for more than the statutory period of limita- tion. In 1882, after the land had been purchased and paid for at a judicial sale of the land of H., B. entered forcibly under claim of title under an older patent, and was committing waste on it when the purchaser obtained an injunction. On motion to dissolve—

HELD :

On strength of such possession merely, without regard to title otherwise, the injunction should be perpetuated.

2. IDEM—*Quære.*—Case at bar having been decided by the court under agreement of the parties, that the cause should be submitted to the court "for the determination of the question of title to the land as between the plaintiff and the defendants, and all other matters and questions in controversy in the cause"; is such proceeding to be regarded as an action of ejectment, or as a chancery proceeding and injunction, by which the determination of the question of the title as between the plaintiff and the defendants was submitted to the court, without reference to the question *as to there being an out- standing title in a third party ?*

Appeal from decree of circuit court of Rockingham county, rendered June 20th, 1883, in the chancery cause of L. P. Henkel, complainant, against John W. Basore, and others, defendants.

Opinion states the case.

*Winfield Liggett* and *W. B. Compton,* for the appellants.

*Calvert & Henkel,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

It appears from the record that L. P. Henkel, at the September rules, 1882, of the said circuit court, filed his bill in chancery against the said defendants, John W. Basore and George W. Hoover, alleging that he had purchased from the commissioners of the said circuit court, at a judicial sale made of the lands of Siram P. Henkel, deceased, under a decree rendered by said court in the chancery cause of L. P. Henkel against Siram P. Henkel's administrator and others, a certain tract of mountain timber land, situate in Brock's Gap, Rockingham county, Virginia; for which he had fully paid the purchase money, but had not yet obtained a conveyance of the legal title; that, as shown by the exhibits filed with his bill, the said Siram P. Henkel derived his title to the said land under two grants (patents) issued to him by the Commonwealth of Virginia, bearing date, respectively, February 29, 1844, and February 20, 1846. The said bill further charged, that the said John W. Basore and George W. Hoover were unlawfully in possession of the said land, having taken forcible possession of a portion thereof on the — day of ———, 1882, and were committing waste thereon by cutting and hauling off the timber; and the bill prayed for an injunction restraining the said John W. Basore and George W. Hoover from cutting the timber, or exercising other acts of ownership over said land; and for a writ of possession putting the complainant in full possession of the same.

At the October term, 1882, of the said court, the said defendants, John W. Basore and George W. Hoover, filed their joint and several answers to the said bill, in which they denied that the said L. P. Henkel had any right to the said land, or any right to enjoin them in the use and occupation thereof; that they were the owners of the said land by title paramount to that of the said Siram P. Henkel under the grants of 1844 and 1846, by a deed, with covenants of general warranty, from Keren H. Dasher, dated May 17, 1882; whose title was derived by a regular chain of title from Benjamin Chambers, to whom the Commonwealth of Virginia granted the same, by letters patent, on 2d day of September, 1795; that the tract of land in question is wild and unimproved land, of which Siram P. Henkel, nor those claiming under him, never had in fact such possession as to enable them to claim the benefit of *adversary possession.*

At the January term 1883, of the said court, leave was granted to the complainant, L. P. Henkel, to file, as an exhibit with his bill, a deed from Chas. E. Haas, special commisssioner in the said cause of Henkel against Henkel's Adm'r and others, executed since the institution of this suit, dated February 16, 1883, and conveying to the said L. P. Henkel the legal title to the land in the controversy involved; and the same was accordingly filed. At the same term, the injunction prayed for was awarded according to the prayer of the bill, until the further order of the court.

Many depositions were taken and filed in the cause by both sides; and the cause coming on for final hearing on 20th June, 1883, the said circuit court entered a decree perpetuating the said injunction, and granted and directed a writ of possession to issue whereby the defendants, Basore and Hoover, should be ejected from the land, and the complainant, L. P. Henkel, placed in possession thereof.

The case was decided by the court, without a jury, by virtue of an agreement of the parties, plaintiff and defendants, by their attorneys, entered of record, that the cause should be submitted to the court for "the determination of the question of title to the said lands, as between the plaintiff and the respective defendants, and all other matters and questions in controversy in the cause."

Whether, under this special agreement, this proceeding is to be regarded as an action of ejectment, or a chancery proceeding and injunction, by which the parties submitted to the determination by the court the question of title to the land in controversy, "as between the plaintiff and the respective defendants," without any reference to the question as to whether there is, or is not, an outstanding title in any third party, we need not consider; because, in view of the evidence in the record, we think it is clearly proved, that Siram P. Henkel, and the appellee, L. P. Henkel, have had actual possession of the lands in controversy, by open, notorious and habitual acts of ownership, for more than twenty-five years before the commencement of this suit; and, therefore, even if the Chambers Patent, of 1795, should include the lands of the Henkel Patents of 1844 and 1846 (which we think is more than doubtful from the evidence), yet the appellants would be barred by the statute of limitations from any action to recover the lands; and the forcible entry—or the peaceable entry—of the appellants, in 1882, could not defeat the bar of the limitation.

Siram P. Henkel had possession of the land in controversy since 1844 and 1846, under patents from the Commonwealth of Virginia; he had the land surveyed, and paid his money for the land office treasury warrants. He paid the taxes for more than thirty years; and neither the surveyor's books, nor the deed books, nor the land assessment books of Rockingham

county gave any evidence of any other claim. No other person was in possession, or asserted any claim to the land for many years previous to 1844 and 1846, when S. P. Henkel obtained his patents; and no one ever claimed it from him for thirty years afterwards; during a part of which time, he had, beside other and varied acts of ownership, open, notorious and undisputed in the neighborhood, portions of the land occupied, cleared and cultivated by tenants. The appellants entered upon this land in 1882, under a claim of title alleged to be derived from the Chambers patent; but the patentees themselves, and their heirs-at-law, and all claiming under them, are barred by limitation and *laches* from setting up any valid claim to the land; which was in the hands of the appellee, L. P. Henkel, under a decree and judicial sale of the circuit court of Rockingham as the real estate of Siram P. Henkel, deceased, and which had been claimed and held as such by him, since 1844 and 1846.

Appellants entered upon this land pending the said suit of Henkel and others against Henkel's Adm'r and others; and we think the court properly enjoined them. The evidence shows, that they actually tried to buy the land, or part of it, from the appellee, before they bought of Dasher, under whose deed they made the entry and set up a claim of ownership to the land.

We find no error in the decree complained of, and the same must be affirmed.

DECREE AFFIRMED.